USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/10/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHEN LEI, *individually and on behalf of all other employees similarly situated*,

Plaintiff,

v.

HARYIN INC. *doing business as* BLUE GINGER, ZAIEN CHEN, and RICKS CHEN,

Defendants.

No. 16-CV-9018 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Zhen Lei brings this action against Defendants Haryin Inc. d/b/a Blue Ginger, Zaien Chen, and Ricks Chen, for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").[1] Before the Court is the parties' application for approval of a settlement agreement.

The Court, having reviewed the parties' proposed agreement and fairness letter, finds that the settlement is fair and reasonable. Under the terms of the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $22,500 in exchange for the relinquishment of his wage and hour claims. Settlement Agreement ¶ 1(a). After attorney's fees and costs are subtracted, Plaintiff will receive $14,500. As a percentage of his alleged damages ($32,082.31), this take-home award is 45.2% of what he expects he could recover at trial. This amount is reasonable in light of the risks of trial. *Cf. Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460,

---

[1] Lei filed his complaint "individually and on behalf of others similarly situated," Compl. at 1, but a settlement has only been reached as to him individually.

at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

The Court also approves the attorneys' fees and costs set forth in the fairness letter. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). Here, the fee is precisely one-third of the award, and when using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). According to the letter, Plaintiff will receive $14,500 and his attorneys will receive $8,000 ($7,250 in legal fees and $750 in costs). After costs are subtracted, the attorney's fee award is exactly one-third (33.33%) of the net settlement amount. Fairness Letter at 3. The amount of the fee is therefore reasonable as a fair percentage of the net award.

Plaintiff's release of claims is also fair and reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The release provision at issue here is far more limited than those routinely rejected. The release is limited to claims "regarding unpaid or improperly paid wages," and it expressly does not affect claims that might arise *after* the date Plaintiff signs the agreement. Settlement Agreement at 3. Thus, the Court finds that the release in the proposed settlement agreement is fair and reasonable.

Finally, the non-disparagement provision is fair and reasonable, because it bars Plaintiff from making "derogatory, disparaging, or defamatory" statements about Defendants only if those

statements are *false*. The provision thus "includes a carve-out" for, at a minimum, "truthful statements about plaintiff['s] experience litigating [his] case." *Lopez*, 96 F. Supp. 3d at 180 n.65.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 10, 2018
       New York, New York

Ronnie Abrams
United States District Judge