UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZHEN LEI, individually and on behalf of all other employees similarly situated,

                Plaintiff,

v.

HARYIN INC. d/b/a BLUE GINGER, ZAIEN CHEN, and RICKS CHEN,

                Defendants.

No. 16-CV-9018 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Zhen Lei commenced this action against Defendants Haryin Inc. d/b/a Blue Ginger, Zaien Chen, and Ricks Chen, for alleged failure to pay compensation for the hours he worked in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The parties reached a settlement agreement that this Court approved on December 10, 2018. Plaintiff claims that Defendants have since defaulted on the agreement, and moves the Court to reopen this matter pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure and enter judgment against Defendants. For the reasons explained below, Plaintiff's motion is denied in full.

## BACKGROUND

    This is an action for unpaid wages under the FLSA and the NYLL. According to the complaint, Defendants failed to pay Mr. Lei minimum wages, overtime pay and spread-of-hour pay in the course of the operation of a restaurant on Eighth Avenue in Manhattan. Complaint ¶¶ 3, 25. The complaint further alleges that Plaintiff worked nearly twelve hours a day without breaks, primarily as a delivery person, and was not compensated for minimum wage or overtime compensation. *Id.* ¶ 22.

1

The parties filed a proposed settlement agreement on July 31, 2018, seeking approval from the Court of the agreement's terms pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). In the settlement agreement, the parties agreed that Defendants would pay $14,500 to Mr. Lei and $8,000 to Mr. Lei's counsel, including $7,250 in attorneys' fees and $750 in costs. In the event of default, the parties agreed that a confession of judgment may be entered against Defendants in the amount of $45,000, less any payments received from the Defendants. Settlement Agreement at 2. The parties further stipulated that "the Court will retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Settlement Agreement," and that the Court would have "sole jurisdiction" for "any litigation arising out of the terms of this Agreement or the Parties' performance thereunder." *Id.* at 5. The parties also agreed that if this Court "lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over New York County." *Id*.

The Court approved the agreement on December 10, 2018. In its order approving the settlement and dismissing the action, the Court explained that it found the settlement "fair and reasonable" and dismissed the Complaint "with prejudice in accordance with the settlement agreement." Dkt. 31 at 3. The Court did not, however, state that it was retaining jurisdiction to enforce the settlement agreement.

On September 19, 2022, Plaintiff filed a motion to enforce the settlement agreement and reopen the action pursuant to Federal Rule of Civil Procedure 60(b)(6), asserting that Defendants had defaulted on the agreement and failed to remit the payments owed. Plaintiff declares that Defendants sent one payment installment in the amount of $1,875 and a second payment in the amount of $3,000, but failed to deliver payments he was owed totaling $17,625. Lei Decl., ¶¶ 11, 17, 21. Plaintiff seeks the $45,000 that the parties stipulated defendants would owe in the event of

2

default, minus the amount Defendant has since paid, plus prejudgment interest. *Id.* ¶ 23. Pursuant to this Court's order on September 23, 2022, Defendants filed a brief in opposition to Plaintiff's motion on October 18, 2022.

## DISCUSSION

### I. Applicable Legal Standards

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[1] "Actions to enforce settlement agreements are, in essence, contract actions which are governed by state law," *LaBarbera v. Dasgowd, Inc.*, No. 03-CV-1762 (CPS), 2007 WL 1531895, at *2 (E.D.N.Y. May 22, 2007), and a motion to enforce a settlement agreement in federal court thus "requires its own basis for jurisdiction." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). In this context, a court's basis for subject matter jurisdiction "may be found in the doctrine of ancillary jurisdiction, which allows a district court to decide matters that are 'factually interdependent' with another matter before the court, or to take actions necessary 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Hendrickson*, 791 F.3d at 358 (quoting *Kokkonen*, 511 U.S. at 379–80).

There are two ways that a district court may retain ancillary jurisdiction to enforce a settlement agreement: its "order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Hendrickson*, 791 F.3d at 358. A court's "mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonnen*, 511 U.S. at 381. As a result, a court's order of dismissal that approves a settlement agreement without expressly

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

stating that the court intends to retain jurisdiction over the agreement or without incorporating the terms of the agreement into its order does not provide a sufficient basis for subject matter jurisdiction to enforce the agreement. *See Hendrickson*, 791 F.3d at 358, 360 (a district court's "own stamp of 'judicial imprimatur' alone cannot support exercise of ancillary jurisdiction"); *Flores-Colin v. La Oaxaquena Rest. Corp.*, No. 18-CV-02966 (SN), 2022 WL 2119301, at *2 (S.D.N.Y. May 10, 2022) (declining to enforce settlement agreement in FLSA case where court had not expressly retained jurisdiction or incorporated the settlement agreement in its order of dismissal); *Melchor v. Eisen & Son Inc.*, No. 15-CV-113 (DF), 2016 WL 3443649, at *8 (S.D.N.Y. June 10, 2016) (finding that court did not have subject matter jurisdiction to enforce FLSA settlement where it merely approved of settlement terms). This principle applies in the context of FLSA cases, even where a district court has reviewed the agreement and judged it fair and reasonable pursuant to *Cheeks*. *See, e.g., Thurston v. Flyfit Holdings, LLC*, No. 18-CV-9044 (PAE), 2020 WL 2904065, at *1 (S.D.N.Y. June 3, 2020) (declining to enforce settlement agreement in FLSA case and noting that "[a]pproval of settlement agreements pursuant to *Cheeks* alone is … insufficient to give rise to ancillary jurisdiction.").

A district court may relieve a party from a final judgment or order pursuant to Federal Rule of Civil Procedure 60(b)(6) "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986). A showing of extraordinary circumstances in the context of a Rule 60(b)(6) motion premised on the breach of a settlement however "cannot be made where [a party] may file a separate action on the settlement agreement itself." *Supervalu, Inc. v. Ectaco, Inc.,* No. 10-CV-5267 (RLM), 2011 WL 3625567, at *2 (E.D.N.Y. Aug. 12, 2011) (quoting *Diaz v. Loews New York Hotel*, No. 97 CIV. 2731 (SAS), 1998 WL 326736, at *2 (S.D.N.Y. June 18, 1998).

4

## II.     Application

### A. The Court Lacks Jurisdiction to Enforce the Settlement Agreement

In light of the principles described above, the Court does not have jurisdiction to enforce the parties' settlement agreement. For the Court to have maintained jurisdiction, it had to have done more than place its "judicial imprimatur on the agreement," *Hendrickson*, 791 F.3d at 359, or merely approve of the agreement pursuant to *Cheeks*, *Mao v. Mee Chi Corp.,* No. 15-CV-1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (holding that district court's approval of settlement agreement in FLSA case as fair and reasonable was not a basis for federal jurisdiction to enforce the agreement). To enforce the parties' settlement agreement, the Court had to have either expressly retained jurisdiction in its order of dismissal, or incorporated the terms of the agreement in its order. *See Hendrickson*, 791 F.3d at 358. Because the Court's order on December 10, 2018 did neither, the Court cannot now assert jurisdiction to enforce the agreement. *See, e.g., Flores-Colin*, 2022 WL 2119301, at *2; *Thurston*, 2020 WL 2904065, at *3; *see also Daoquan Bi v. Guan Dong Yi Jia, Inc.*, No. 17-CV-6563 (RML), 2020 WL 4059645, at *2 (E.D.N.Y. July 20, 2020) ("In the context of FLSA settlements approved as fair and adequate under *Cheeks*, courts have repeatedly denied motions to enforce where the dismissal order did not contain language expressly retaining jurisdiction or incorporating the terms of the settlement agreement.").

Plaintiff points to *Cardoso v. Paramount Foods Inc.*, No. 15-CV-07674 (SDA), 2020 WL 8880943 (S.D.N.Y. Apr. 30, 2020) in support of his assertion that the Court has ancillary jurisdiction to enforce the settlement. Pl. Brief at 3. But *Cordoso* belies Plaintiff's contention. In *Cordoso*, the court found it had jurisdiction to enforce the agreement because its prior order approving the settlement expressly provided that the court "will retain jurisdiction to enforce the

settlement agreement." *Cardoso*, 2020 WL 8880943, at *2 (quoting court's order approving settlement). This Court issued no such order. Plaintiff further argues that the parties' settlement agreement in this matter "explicitly provides for the Court to retain jurisdiction to enforce its terms," and that the Court therefore "has ancillary jurisdiction to enforce the [settlement agreement]." Pl. Brief at 3. The parties' own agreement, however, is not a substitute for the Court's express retention of jurisdiction. "Subject matter jurisdiction, unlike personal jurisdiction, cannot be created by agreement, consent, or any other act of a party." *Melchor*, 2016 WL 3443649, at *8; *see also Banegas v. Mirador Corp.*, No. 14-CV-8491 (AJN), 2021 WL 1022614, at *3 (S.D.N.Y. Mar. 17, 2021) (finding that parties' own stipulation to court's personal jurisdiction to enforce agreement settling FLSA claims failed to confer subject matter jurisdiction).

Had the Court so ordered a stipulation with clear language providing that it was retaining jurisdiction to enforce the agreement, or issued an order of dismissal expressly stating that the Court will retain jurisdiction to enforce the settlement agreement, the situation may have been a different one. *See Dannhauser v. TSG Reporting, Inc.*, No. 16-CV-747 (CM) (DF), 2019 WL 2950142, at *7 (S.D.N.Y. June 21, 2019) (finding that court retained jurisdiction where it so ordered a stipulation of dismissal stating that it "would retain[] jurisdiction for the purposes of enforcing the [agreement]."); *Cordoso*, 2020 WL 8880943, at *2  (retaining jurisdiction to enforce settlement where court's order approving the settlement stated that the court "will retain jurisdiction to enforce the settlement agreement"); *see also Thurston v. Flyfit Holdings, LLC*, 2020 WL 2904065, at *3 (collecting cases). But the Court's statement in its December 10, 2018 order that it "approves the parties' settlement agreement" does not, without more, establish an independent basis for subject matter jurisdiction to enforce of the agreement*. See also StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305 (2d Cir. 2014) (finding that district court erred in exercising

6

jurisdiction to enforce settlement agreement where its order of dismissal "merely acknowledge[d] the existence of the settlement agreement"). In sum, without having expressly retained jurisdiction over the settlement agreement in its order of dismissal or incorporated the terms of the agreement into the order, the Court does not have jurisdiction to enforce the agreement.

### B. Plaintiff's Rule 60(b)(6) Motion is Denied

Plaintiff's motion for relief from the order of dismissal pursuant to Federal Rule of Civil Procedure 60(b)(6) must also be denied. Plaintiff has not identified any "extraordinary circumstances" warranting relief pursuant to Rule 60(b)(6). *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012). Where a clear avenue exists to enforce a settlement agreement in state court, the "extraordinary circumstances" that might justify relief from an order of dismissal are not present. *See Supervalu*, 2011 WL 3625567, at *2; *see also Rossi v. Stevens*, 651 F. App'x 55, 57 (2d Cir. 2016) ("The availability of alternative causes of action or remedies for injuries flowing from a breach of a settlement agreement is a permissible rationale for denying relief under Rule 60(b)(6).") Here, Plaintiff may bring an action to enforce the settlement agreement in state court. *See Scelsa v. City Univ. of New York*, 76 F.3d 37, 40-41 (2d Cir. 1996) ("[E]nforcement of a settlement agreement is for the state courts."); *LaBarbera*, 2007 WL 1531895, at *2; *see also Kokkonen*, 511 U.S. at 382 (absent express retention of jurisdiction, "enforcement of the settlement agreement is for state courts"). Contrary to Plaintiff's assertion, there is no apparent reason that a state action would "face significant risks of invalidity," or that a state court would decline to consider an action to enforce the agreement. Pl. Brief at 4. Indeed, the parties consented to jurisdiction in New York State courts in the event this Court finds it lacks or declines jurisdiction over "any litigation arising out of the terms of [the] [a]greement."

Although it is true that there may be some degree of delay in resolving this dispute in state

7

court, Rule 60(b)(6) cannot provide the relief Plaintiff seeks. *See Tangtiwatanapaibul v. Tom & Toon Inc.*, No. 17-CV-00816 (KHP), 2021 WL 3774310, at *6 (S.D.N.Y. Aug. 24, 2021) (noting, in FLSA case, that "breach of a settlement agreement is not a ground for reopening under Rule 60(b) where the case has been dismissed with prejudice without reserving jurisdiction over claims arising out of the settlement agreement"). In sum, Mr. Lei is not left without options: he "has only chosen the wrong forum." *Flores-Colin*, 2022 WL 2119301, at *2 (noting that plaintiff could "pursue enforcement of the agreement in a state court of competent jurisdiction").

## CONCLUSION

The Court recognizes the inconvenience that enforcing this agreement in a different forum may pose to Plaintiff, but regrettably can find no basis to assert jurisdiction over Plaintiff's application, nor can it identify any extraordinary circumstances justifying relief from its order of dismissal. Plaintiff's motion to reopen the case pursuant to Rule 60(b)(6) and enforce the settlement agreement is therefore denied. The Clerk of Court is respectfully requested to terminate the motion at docket number 32.

SO ORDERED.

Dated:   December 2, 2022
         New York, New York

_____
Ronnie Abrams
United States District Judge